IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANTHONY DORSETT PURVIS, § | |
| § | |
| § | CIVIL ACTION NO. 6:21-CV-00150-JDK |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Dorsett Purvis, an inmate confined in the Texas prison system, proceeding *pro se*, brings this habeas action pursuant to 28 U.S.C. § 2254 challenging his 2012 Anderson County conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Upon review, for the reasons stated herein, the court recommends that the petition be denied, and the case be dismissed with prejudice. The court further recommends that Purvis be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

Purvis was indicted on two counts of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact in cause number 28141, in the 3rd District Court of Anderson County, Texas ("ACDC"). (Doc. No. 16-1, at 34–36.) On October 26, 2012, he pleaded guilty to all charges and the ACDC, making no findings of guilt, sentenced him to ten years

deferred adjudication and placed him on community supervision. *Id.* at 68–70, 74–84. Purvis waived his right to any appeal. *Id.* at 72.

In October 2013, the State filed a motion to proceed with adjudication of guilt and sentencing. (Doc. No. 16-2, at 24–27.) The State alleged that Purvis violated the terms of his community supervision by failing to abstain from the use of narcotic drugs or other controlled substances. *Id.* at 24–25. Specifically, the State alleged that Purvis submitted urine samples for drug testing, and on one occasion the sample was positive for the presence of marijuana, on another occasion the sample was diluted, and on a third occasion the sample was positive for the presence of cocaine. *Id.* The State also alleged that Purvis failed to pay court-ordered fees. *Id.* at 25–26.

Purvis pleaded not true to all allegations. (Doc. No. 16-5, at 22–23.) After a hearing, the ACDC found the State's allegations concerning Purvis's drug test results were true but the allegations concerning Purvis's failure to pay fees were false. *Id.* at 51–53. On June 6, 2014, the ACDC granted the State's motion and adjudicated Purvis guilty of all four counts of the indictment, sentencing Purvis to 45 years' imprisonment for each count of aggravated sexual assault of a child and 20 years for each count of indecency with a child by sexual contact, with sentences to run concurrently. (Doc. Nos. 16-2, at 39–40; 16-6, at 6–7.) The judge informed Purvis of his limited right to appeal his adjudication and sentence concerning the motion to proceed. (Doc. Nos. 16-2, at 38; 16-6, at 7.)

Purvis filed a direct appeal of his 2014 adjudication, and his conviction was affirmed by the Twelfth Judicial District Court of Appeals on July 31, 2015. (Doc. No. 16-7.) *Purvis v. State*, No. 12-14-00198-CR, 2015 WL 4710143 (Tex. App.—Tyler July 31, 2015, no pet.) (per curiam). He did not seek discretionary review from the Texas Court of Criminal Appeals ("CCA"). (Doc. No. 16-20.)

On July 20, 2016, Purvis signed his first state habeas application challenging his 2014 adjudication and sentence. (Doc. No. 16-1, at 6–22.) The ACDC received the application on July 25, 2016. *Id.* at 6. Judge Mark Calhoon did not hold a hearing or provide a recommendation on Purvis's application. *Id.* at 33. On September 14, 2016, the CCA denied his application without written order. (Doc. No. 16-21.) In February 2018, Purvis filed a motion to quash his previously filed state habeas application in the CCA. (Doc. No. 16-22.) The CCA denied the motion. *Id.* at 1.

On January 20, 2020, Purvis signed his second state habeas application challenging his 2012 guilty plea. (Doc. No. 16-25, at 4–19.) The ACDC received his application on March 10, 2020. *Id.* at 4. The ACDC did not hold a hearing or provide a recommendation on Purvis's application. *Id.* at 55. On September 2, 2020, the CCA denied his application without written order as a subsequent application.[1] (Doc. No. 16-24.) Purvis signed his federal habeas petition on April 14, 2021, and the court received his petition on April 19, 2021. (Doc. No. 1, at 1, 10.)

**II. Purvis's Petition**

In his petition, Purvis raises several claims for relief:

(1) His trial counsel was ineffective because counsel failed to investigate the facts of his case, interview witnesses, and seek forensic evidence;

(2) His trial counsel was ineffective because the State's delay in bringing his case to trial prevented his attorney from forming a defense;

(3) His guilty plea was involuntary; and

(4) He is actually innocent because the State lacked substantial evidence to support a conviction.

---

[1] Purvis filed a third state habeas application identical to his second after learning that his second habeas application had been lost. (Doc. Nos. 16-28, at 4–19; 20 at 4–6.) The ACDC later found the second application and the CCA ultimately denied both the second and third applications as successive. (Doc. Nos. 16-24; 16-26.)

(Doc. No. 1, at 6–7.) Purvis seeks to have an attorney appointed, a hearing, and his petition granted. (Doc. No. 1-1, at 19.)

## III. Respondent's Answer

After being ordered to do so, Respondent filed an answer addressing Purvis's petition. (Doc. Nos. 12; 15.) Respondent maintains that Purvis's petition is barred by the statute of limitations. (Doc. No. 15, at 6–8.) Respondent also asserts that Purvis is not entitled to equitable tolling. *Id.* at 10–11. Respondent further argues that Purvis did not meet his burden of proving actual innocence to overcome the statutory time bar. *Id.* at 12–15. In the alternative, Respondent contends that Purvis's petition is procedurally barred because his state application was denied as a subsequent application. *Id.* at 16–17.

## IV. Purvis's Reply

Purvis timely filed a reply to Respondent's answer. (Doc. No. 20.) In his reply, Purvis argues that his state habeas application was timely under state law, so the statute of limitations should be tolled as of right. *Id.* at 9. In the alternative, Purvis argues that his petition is entitled to equitable tolling because trial counsel told him he had waived his right to habeas corpus. *Id.* at 7. He maintains that he is actually innocent because the State has not offered any proof otherwise. *Id.* at 11. Finally, Purvis argues that his state habeas applications challenged different convictions, the 2012 guilty plea and the 2014 adjudication and sentence, therefore they are not successive. *Id.* at 5–6.

## V. Legal Standards

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional,

4

statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'"). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review errors under state law. *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Pub. L. 104-132, 110 Stat. 1214. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA imposes a "highly deferential standard for evaluating state-court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal habeas review under AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard,

a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**VI. Discussion and Analysis**

    1. <u>Timeliness under the AEDPA</u>

As Respondent indicates, Purvis's federal petition is time-barred by virtue of the statute of limitations under the AEDPA. Congress enacted the AEDPA on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Purvis filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). An inmate must file a section 2244 petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)–(D).

Generally, a case is final when a judgment of conviction is entered, the availability of an

appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals).

However, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Here, Purvis challenges his guilty plea and deferred adjudication entered on October 26, 2012. (Doc. No. 1-1, at 2–3.) He waived the right to appeal as part of his plea deal. (Doc. No. 16-1, at 72.) Purvis did not file a petition for discretionary review. Therefore, his conviction became final thirty days later on November 26, 2012. Thus, the federal limitations period expired one year later, on November 26, 2013, absent statutory tolling.

Purvis did not sign his state habeas application challenging his 2012 guilty plea and deferred adjudication until January 20, 2020, and the ACDC did not receive his application until March 10, 2020. (Doc. No. 16-25, at 4–19.) Purvis's state habeas application therefore did not toll the federal limitations period because it was filed after the expiration of the one-year statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[Petitioner]'s state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired.").

Although the AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Purvis had until November 26, 2013, to file his federal habeas petition; however, he signed his section

7

2254 petition on April 14, 2021, and the court received his petition on April 19, 2021—more than 7 years after the expiration of the limitation period. (Doc. No. 1, at 1, 10.) It is therefore untimely and barred by the statute of limitations—absent any equitable tolling.

### 2. Equitable Tolling

Purvis is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the petitioner is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 487 (5th Cir. 2006) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (overturned on other grounds)). The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016).

Purvis argues that he is entitled to equitable tolling because he was wrongfully advised by counsel that he waived his right to habeas corpus by pleading guilty. (Doc. Nos. 1-1, at 2; 20, at 7, 9.) He contends that he did not learn that counsel was wrong, and he had the right to seek habeas corpus, until long after the one-year statute of limitations had run. (Doc. No. 1, at 9.)

Outside of his allegations, Purvis does not present any evidence that he was actively misled or deceived by counsel about his right to seek habeas corpus. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding petitioner was entitled to equitable tolling where he was deceived

by his counsel into believing that counsel had filed a habeas petition); *see also Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (holding that conclusory assertions are insufficient to support a habeas petition). But even if Purvis's assertions are true and counsel provided erroneous advice about his right to appeal, the Fifth Circuit has held that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Purvis therefore has not shown any extraordinary circumstances that prevented him from timely filing his petition.

Moreover, the record reflects that Purvis did not diligently pursue his rights. "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *See Coleman*, 184 F.3d at 403. Here, Purvis filed his state habeas application challenging his 2012 guilty plea more than six years after his conviction became final and filed his federal petition more than seven years after the finality of his conviction. Purvis also does not present evidence regarding when he learned of counsel's alleged error for the court to assess whether he diligently pursued his rights.

In sum, Purvis has neither demonstrated that he has been actively pursuing his rights nor that some extraordinary circumstance stood in his way. Accordingly, Purvis is not entitled to equitable tolling and his habeas petition should be dismissed as time barred.

### 3. Actual Innocence

In his petition, Purvis claims that he is actually innocent because the State has not presented any evidence to support his guilt. (Doc. Nos. 1, at 7; 1-1, at 16.) Purvis contends that the only reason he entered a guilty plea was because of counsel's warning that he would receive an automatic life sentence if convicted by a jury. (Doc. No. 1-1, at 17.) He maintains that, given the lack of evidence, no reasonable juror would have convicted him. *Id.* at 16.

9

Actual innocence, if proven, "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *See McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). In this way, the Supreme Court explained that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (*citing Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995) (claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.")).

Here, Purvis has not set forth a claim of actual innocence sufficient to serve as a gateway to avoid the statute of limitations. Purvis has failed to present new, reliable evidence. Indeed, he does not present any evidence to support his claim of actual innocence; he merely alleges that he is innocent because the State did not prove he was guilty. But he pleaded guilty and, by virtue, relieved the State of its burden of proving his guilt beyond a reasonable doubt. Moreover, his guilty plea bars an actual innocence claim. This court as well as others within the Fifth Circuit have held that for purposes of the statute of limitations, a guilty plea forecloses any claim of actual innocence. *See King v. Director, TDCJ-CID*, No. 6:18cv68, 2018 WL 7824535, at *4 (E.D. Tex. Dec. 19, 2018), *report adopted* at 2019 WL 1325744 (E.D. Tex. Mar. 25, 2019); *Mayo v. Quarterman*, No. 3:05-CV-505-D, 2006 WL 3755221, at *3 (N.D. Tex. Dec. 21, 2006). Thus, there is no basis to toll the limitations period based on actual innocence in this case.

**VII. Conclusion**

Purvis's guilty plea and deferred adjudication became final on November 26, 2012. The deadline to file his federal habeas petition was November 26, 2013. For the reasons discussed above, Purvis is not entitled to equitable tolling. His April 19, 2021 federal petition is therefore untimely.

**VIII. Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (finding that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious").

A certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court emphasized that the COA inquiry "is not coextensive with a merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 580 U.S. at 115 (quoting *Miller-El*, 537 U.S. at 336). Moreover,

11

"[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

Here, Purvis failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He has also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a COA.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Purvis's federal habeas petition be denied, as time-barred, and the case dismissed with prejudice. Finally, it is recommended that Purvis be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 18th day of January, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE