IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY DORSETT PURVIS, | § | |
| Petitioner, | § § § | |
| v. | § § | Case No. 6:21-cv-150-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Anthony Dorsett Purvis, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On January 18, 2023, Judge Love issued a Report and Recommendation recommending that the Court deny the petition and dismiss this case with prejudice. Judge Love also recommended that a certificate of appealability be denied. Docket No. 22. Petitioner timely objected. Docket No. 24.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the

1

law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner asserts that the Magistrate Judge misunderstood the facts, and therefore erred in applying the law to the facts. Docket No. 24. Petitioner reiterates his argument from his reply that his petition is timely because both trial counsel and the trial court mistakenly informed him that he had no right to appeal. *Id.* He maintains that he is entitled to equitable tolling. *Id.* As evidence he again attaches the trial court's certification that he had no right to appeal because it was a plea-bargain case. Docket No. 24-1. This form provided Petitioner with notice that he had no right to direct appeal. But even if trial counsel mistakenly informed him that he had no right to habeas corpus or failed to inform him that he could seek habeas corpus as Petitioner contends, Petitioner still does not present evidence that he was actively misled or deceived by counsel about his habeas rights. As the Magistrate Judge acknowledged, the Fifth Circuit has held that attorney error or neglect does not create extraordinary circumstances justifying equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Petitioner thus has not shown that he is entitled to equitable tolling.

Petitioner also objects to the Magistrate Judge's finding that he did not prove he is actually innocent to overcome his untimely petition. Docket No. 24. Petitioner contends that he proved that there was no evidence to convict him because his ineffective trial counsel never collected evidence. *Id.* A claim of actual innocence

2

relies on newly discovered reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). As the Magistrate Judge correctly noted, Petitioner relieved the State of proving his guilt and his trial counsel from continuing his investigation by virtue of pleading guilty. Petitioner therefore has not met his burden of proving actual innocence.

Because Petitioner's petition for writ of habeas corpus was untimely and he has not shown that he is entitled to equitable tolling or proven that he is actually innocent, his petition is procedurally barred. The Court therefore does not consider Petitioner's remaining substantive objections concerning ineffective assistance of counsel.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 24) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 22) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **10th** day of **February, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE